UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CALENCE, LLC,

Plaintiff,

v.

DIMENSION DATA HOLDINGS, *et al.*,

Defendants.

CASE NO. C06-0262RSM

ORDER GRANTING IN PART CORPORATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

This matter comes before the Court on corporate defendants' Motion for Summary Judgment and plaintiff's related Motion for Partial Summary Judgment. (Dkts. #193 and #214). Corporate defendants argue that there is no evidence supporting a tortious interference claim against them; there is no evidence that any employee actually possessed any trade secrets, and even if they did, there is no evidence that any trade secrets were used by any of the employees; plaintiff's unfair competition act must fail because the legitimate hiring of employees does not constitute an unfair act, and the act of hiring several of Calence's employees was not an act occurring in the public interest; plaintiff's civil conspiracy must fail because there is no evidence of any unlawful or dishonest undertaking; plaintiff's claims for conversion or replevin must be dismissed because Calence cannot establish ownership of the disputed materials; and there is no evidence supporting plaintiff's unjust enrichment claim, nor is there any basis for liability under the Computer Fraud Act, as there is no evidence that corporate defendants directed defendant Dunlap to copy any information from his Calence computer.

Plaintiff has moved for summary judgment against corporate defendants only with respect to the liability components of its claims for conspiracy/aiding and abetting breaches of fiduciary duty and tortious interference claims. Plaintiff first argues that corporate defendants are liable as a matter of law for aiding and abetting defendant Falk's breaches of his fiduciary duty. Plaintiff next argues that corporate defendants are liable as a matter of law for tortious interference with business relations by causing defendant Falk to breach his duty of loyalty, and by using improper means to solicit Calence employees.

For the reasons set forth below, the Court DENIES plaintiff's motion for summary judgment and GRANTS IN PART defendants' motion for summary judgment.

## II. DISCUSSION

### A. Background

The Court has set forth the background of this action in its previous Orders, and will not repeat it here. Facts specifically relevant to the instant defendants will be discussed in context below. This Order addresses arguments pertaining only to corporate defendants, Mark Zerbe and Dimension Data.

### B. Motions to Strike

To the extent that plaintiff raises the same motions to strike with respect to corporate defendants as it raised with respect to the individually named defendants, the decisions made on those motions to strike, as set forth in the Court's Order on defendant Dunlap's motion for summary judgment, apply with equal force to the instant motion, and they will not be repeated here. (*See* Dkt. #319). Further, the Court DENIES plaintiff's motion to strike defendants' brief on the basis that it was written in 11-point font versus 12-point font. The Court finds that motion without merit.

The Court also declines to consider any declarations or other evidence submitted after the close of briefing on the instant motions for summary judgment, including Dkts. #275 - 281. None of the parties sought permission from this Court to file briefing related to the motions for

summary judgment outside of the Court's normal briefing schedule as set forth in the Local Rules.

Finally, the Court DENIES defendants' motions to strike as moot. The Court makes the following determinations on an analysis of the evidence presented other than that disputed by defendants in their motions to strike.

**C. Standard of Review for Summary Judgment**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material

facts are at issue in summary judgment motions. *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F. 2d 665, 667 (9th Cir. 1980).

**D. Tortious Interference**

In its Amended Complaint, plaintiff first alleges that corporate defendants: (1) knowingly and intentionally acted to interfere with and misappropriate Calence's contractual relationships with the customers of its Seattle office; (2) knowingly and intentionally acted to induce the breach of the individually-named defendants' employment contracts with Calence; (3) knowingly and intentionally acted to induce the breaches of Calence's employment contracts with each of the Terminating Employees; (4) knowingly and intentionally acted to induce breaches of fiduciary duty by the individually-named defendants; and (5) knowingly and intentionally acted to induce breaches of fiduciary duty and other contractual duties by the Terminating Employees. (Dkt. #127 at 19-20).

In *Pleas v. Seattle*, 112 Wn.2d 794 (1989), the Washington Supreme Court adopted the Oregon Supreme Court's approach to tortious interference claims, holding that:

> a cause of action for tortious interference arises from either the defendant's pursuit of an improper objective of harming the plaintiff or the use of wrongful means that in fact cause injury to plaintiff's contractual or business relationships. A claim for tortious interference is established when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself. Defendant's liability may arise from improper motives or from the use of improper means. . . . No question of privilege arises unless the interference would be wrongful but for the privilege . . . Even a recognized privilege [however] may be overcome when the means used by defendant are not justified by the reason for recognizing the privilege.
>
> Interference can be "wrongful" by reason of a statute or other regulation, or a recognized rule of common law, or an established standard of trade or profession. Therefore, plaintiff must show not only that the defendant intentionally interfered with his business relationship, but also that the defendant had a "duty of non-interference; *i.e.*, that he interfered for an improper purpose . . . or . . . used improper means . . .".

Pleas, 112 Wn.2d at 803-04 (citations omitted).

As an initial matter, the Court agrees with defendants that plaintiff has failed to allege

tortious interference with a business expectancy. The reasoning for that determination is fully explained in the Court's previous Orders on summary judgment, and incorporated by reference herein. Further, the Court agrees with defendants that plaintiff's claim must be dismissed to the extent that it alleges inducement of breaching fiduciary duties. This Court finds no Washington authority recognizing such a claim. Finally, the Court also finds no basis for the allegation that corporate defendants have tortiously interfered with customer contracts. Plaintiff has produced no evidence that it had any ongoing customer contracts with which corporate defendants interfered. Accordingly, the Court focuses only on allegations that defendants interfered with plaintiff's employee contractual relationships.

In that regard, the Court finds that there are genuine issues of material fact as to whether defendants interfered with the contractual relationships between plaintiff and the individually-named co-defendants and between plaintiff and the other former employees. Plaintiff has produced evidence that defendant Mark Zerbe had conversations with co-defendants Jon Abb and Thomas Falk asking them to recruit fellow employees, the timing of that recruitment, and appropriate compensation for other employees. Plaintiff has also provided evidence that defendants convinced Thomas Falk to assist with planning the targeted recruiting event, and with helping to organize an en masse employee departure. While defendants argue with the characterization of that evidence, it is up to the trier of fact to assess the credibility of the witnesses and determine what actually happened in each alleged instance. The Court recognizes that corporate defendants have also introduced numerous pieces of evidence raising issues of material fact as to the nature and purpose of the meetings and conversations between defendants Abb, Falk and Zerbe. Accordingly, the Court finds that summary judgment in favor of either party on this claim is not appropriate.

**E. Misappropriation of Trade Secrets**

Plaintiff next alleges that corporate defendants have misappropriated, and continue to intentionally misappropriate, its trade secrets, in violation of the Washington Uniform Trade

Secrets Act ("UTSA"), RCW 19.108, *et seq.* (Dkt. #127 at 20).

As an initial matter, the Court notes that there is a question of fact as to whether any trade secrets were actually retained by any of the individual defendants, or other employees, in this action, or whether any trade secrets were divulged to corporate defendants. As plaintiff itself acknowledges, whether a particular piece of information is a trade secret, is a question of fact for the jury. *Ed Nowogroski Ins., Inc. v. Rucker*, 137 Wn.2d 427, 436 (1999). That reason alone is enough to deny summary judgment. Indeed, should a jury determine that no trade secrets were retained or divulged, the claim against defendants necessarily fails.

However, even presuming that defendant did possess plaintiff's trade secrets, this Court has already determined that there is no evidence of misappropriation with respect to Mr. Falk's notebooks or Mr. Dunlap's computer disks. Under the UTSA, a misappropriation is defined as the:

> (a) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (b) Disclosure or use of a trade secret of another without express or implied consent by a person who:
>
> (i) Used improper means to acquire knowledge of the trade secret; or
>
> (ii) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was (A) derived from or through a person who had utilized improper means to acquire it, (B) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or (C) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
>
> (iii) Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

RCW 19.108.010(2); *McLeod v. Northwest Alloys, Inc.*, 90 Wn. App. 30, 35-36 (1998).

There is no evidence that corporate defendants disclosed any of the information in the notebooks or on the disks to third parties. There is no evidence that copies of the notebooks or disks were ever made, and there is no evidence that corporate defendants misused the

information contained therein. Accordingly, the Court believes that summary judgment in favor of corporate defendants on this claim is appropriate in part.

With respect to the information allegedly divulged to Mark Zerbe, assuming the trier of fact determines that trade secrets were divulged, and with respect to the information contained on Mr. Abb's Blackberry device, there are genuine issues of material fact as to whether such information was misappropriated as defined under the statute. Accordingly, summary judgment in favor of either party is not appropriate on those portions of the claim.

**F. Unfair Competition**

By essentially reiterating its arguments with respect to tortious interference and misappropriation of trade secrets, plaintiff next alleges that defendants' actions constitute unfair trade practices under RCW 19.86.020 and .030 and under the common law. (Dkt. #127 at 21). For the reasons set forth above with respect to the tortious interference and UTSA claims, the Court finds that summary judgment on the unfair competition claim is also not appropriate.

**G. Civil Conspiracy**

Plaintiff next alleges that corporate defendants "conspired among themselves and with others to, among other things, interfere with Calence's relationships with its customers, interfere with Calence's contractual relationships with its employees, induce breaches of fiduciary duty by Calence employees, and misappropriate Calence's trade secrets." (Dkt. #127 at 21).

> To establish a civil conspiracy, [plaintiff] must prove by clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy. "Mere suspicion or commonality of interests is insufficient to prove a conspiracy." "[When] the facts and circumstances relied upon to establish a conspiracy are as consistent with a lawful or honest purpose as with an unlawful undertaking, they are insufficient."

*All Star Gas, Inc. v. Bechard*, 100 Wn. App. 732, 740 (2000) (citations omitted).

The Court has already found that plaintiff raised genuine issues of material fact with respect to its civil conspiracy claim against defendant Falk. That determination was made on a

review of certain evidence also pertaining to Mark Zerbe. Accordingly, for the same reasons, the Court finds that summary judgment in favor of corporate defendants on this claim is not appropriate.

**H. Conversion and Replevin**

Plaintiff next alleges that corporate defendants have "appropriated Calence's confidential information without Calence's knowledge and consent, and without legal justification" and that defendant is "using and will use this information to harm Calence and benefit Defendants." (Dkt. #127 at 23). Plaintiff apparently bases its claim against corporate defendants on the materials retained by the individually-named defendants. This Court has already dismissed all of the conversion and replevin claims alleged against the other defendants. Accordingly, the Court finds no basis for the claim against the corporate defendants, and finds that summary judgment in favor of corporate defendants is also appropriate.

**I. Unjust Enrichment**

Plaintiff next alleges that defendants' "actions have unjustly enriched Dimension, Falk, Abb and Dunlap at the expense of Calence." (Dkt. #127 at 23). "Unjust enrichment occurs when one retains money or benefits which in justice and equity belong to another. The doctrine also applies to retention of property or benefits." *Bailie Communications v. Trend Business Sys.*, 61 Wn. App. 151, 160 (1991). This Court has already dismissed all of the unjust enrichment claims alleged against the other defendants. Accordingly, the Court finds no basis for the claim against the corporate defendants, and finds that summary judgment in their favor is appropriate.

**J. Computer Fraud and Abuse Act**

Finally, plaintiff alleges that corporate defendants violated the Computer Fraud and Abuse Act ("CFAA"). (Dkt. #127 at 23-24). There is no allegation that corporate defendants improperly accessed computerized information themselves. Rather, plaintiff argues that corporate defendants are liable for defendants Dunlap and Abb's actions. Even assuming that

Mr. Dunlap or Mr. Abb violated the CFAA, plaintiff points to no evidence in the record that corporate defendants directed either of those individuals to take any of the alleged improper actions. Accordingly, the Court finds no basis for the CFAA claim, and agrees that summary judgment in favor of corporate defendants on this claim is appropriate.

## III. CONCLUSION

Having considered plaintiff's and defendants' motions for summary judgment, the briefs and evidence in support and opposition of those motions, and the remainder of the record, the Court hereby ORDERS:

(1) Corporate Defendant's Motion for Summary Judgment (Dkt. #193) is GRANTED IN PART. For the reasons set forth above, the Court hereby DISMISSES plaintiff's claims for conversion and replevin, unjust enrichment, and violations of the Computer Fraud and Abuse Act against corporate defendants. The Court DISMISSES IN PART the tortious interference and misappropriation of trade secrets claims against corporate defendants. All other claims against corporate defendants remain pending for resolution at trial.

(2) Plaintiff's Motion for Partial Summary Judgment with respect to corporate defendants (Dkt. #214) is DENIED for the reasons discussed above.

(3) The Clerk SHALL direct a copy of this Order to all counsel of record.

DATED this 24th day of May, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE