UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CALENCE, LLC,

    Plaintiff,

v.

DIMENSION DATA HOLDINGS, *et al.*,

    Defendants.

CASE NO. C06-262RSM

ORDER DENYING MOTION FOR RECONSIDERATION

This matter comes before the Court on plaintiff's Motion for Reconsideration. (Dkt. #333). Plaintiff asks this Court to reconsider its previous Order granting in part defendant Judd Dunlap's motion for summary judgment. Specifically, plaintiff argues that the Court should not have dismissed the breach of contract claim against Mr. Dunlap because, taking all evidence and inferences in the light most favorable to plaintiff, the record demonstrated that Mr. Dunlap took and disclosed confidential information to Dimension Data. Plaintiff further argues that this Court erroneously determined that it had not pleaded tortious interference with business expectancies, and should, at the very least, allow amendment of the pleadings to include such claim.

    Having reviewed plaintiff's motion, and the remainder of the record, this Court hereby finds and ORDERS:

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 1

(1) Plaintiff's Motion for Reconsideration (Dkt. #333) is DENIED. By local rule, motions for reconsideration are disfavored, and the Court will ordinarily deny such a motion in the absence of "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. Local Rule CR 7(h).

In its motion for reconsideration, plaintiff erroneously argues that this Court failed to address the "contract provision or theory [pertaining to disclosure of confidential information] when it dismissed Calence's breach of contract claim against Dunlap in its entirety." (Dkt. #333 at 2-3). The Court expressly addressed that argument, stating:

> Further, there is no evidence that defendant disclosed any of the information to third parties. There is no evidence that copies of the disks were ever made, and there is no evidence that defendant misused the information. Thus, even assuming that the information defendant downloaded from his computer was confidential or proprietary, there is no evidence that defendant breached his confidentiality agreement. Simply possessing confidential information is not unlawful.

(Dkt. #319 at 12-13). The Court fully considered plaintiff's arguments, and examined the factual record presented on summary judgment, and the Court will not revisit the issue now.

Likewise, with respect to plaintiff's argument regarding tortious interference with business expectancies, plaintiff essentially reiterates the same facts and legal argument previously presented to this Court. Again, in making its previous decision, the Court fully considered plaintiff's arguments, and examined the factual record presented on summary judgment. The Court determined that plaintiff failed to allege tortious interference with a business expectancy and the allegation that defendants have induced others to breach their fiduciary duties does not give notice to defendants of an alleged interference with a business expectancy. (Dkt. #319 at 7). Plaintiff has presented no new facts or arguments that persuade the Court that it committed manifest error in making that decision.

Further, the Court denies plaintiff's request to amend the pleadings pursuant to Federal Rule of Civil Procedure 15(b). As an initial matter, the Court notes that plaintiff had the

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 2

opportunity to raise that request in any number of ways in its briefing in opposition to defendant's motion for summary judgment or in support of its own motion for partial summary judgment, but failed to do so. In any event, the Court is not persuaded that the issue has been tried by express or implied consent by the parties, especially in light of defendants' arguments that it did not have notice of the claim, and will not make such an amendment now.

Accordingly, the Court declines to reconsider its previous Order.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 24th day of May, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE